IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK RISSINGER** and **KRISTEN RISSINGER**, | : CIVIL ACTION NO. 1:14-CV-2439 :<br>: **(Chief Judge Conner)** |
| Plaintiffs | : |
| v. | : |
| **STATE FARM INSURANCE COMPANY**, | : |
| Defendant | : |

### MEMORANDUM

Presently before the court in the above-captioned matter is the motion (Doc. 4) to dismiss filed by defendant State Farm Fire and Casualty Company ("State Farm"),[1] wherein State Farm seeks dismissal of the request of plaintiffs Mark and Kristen Rissinger ("the Rissingers") for attorney's fees in Count I of the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(f), and dismissal of Count II of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be deemed unopposed and granted.

---

[1] State Farm avers that it was incorrectly designated in this action as "State Farm Insurance Company." (Doc. 4 at 1).

I.      **Factual Background and Procedural History**[2]

At all times relevant to this action, State Farm insured the Rissingers' residence in Oberlin, Pennsylvania ("the property") under a homeowners' policy ("the policy").  (See Doc. 4-1, Ex. A ¶ 4).  On or about September 8, 2011, the Rissingers' property suffered water damage.  (Id. ¶ 9).  On June 29, 2013, the property was damaged by a fire, after which the Rissingers made a timely claim to State Farm pursuant to the policy.  (Id. ¶¶ 12-13).  The Rissingers completed certain repairs to their residence following the fire.  (Id. ¶ 16).  Thereafter, Swatara Township inspected the property in contemplation of an occupancy permit.  (Id. ¶¶ 16-17).  According to the Rissingers, Swatara Township declined to grant the necessary permit because the property did not comply with applicable building ordinances.  (See id. ¶ 17).  The policy included "Building Ordinance or Law" coverage for:

> legally required changes to the undamaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law, if:
>
> (1) the enforcement is directly caused by the same Loss Insured;
>
> (2) the requirement is in effect at the time the Loss insured occurs; and
>
> (3) the legally required changes are made to the undamaged portions of specific dwelling features, systems or components that have been physically damaged by the Loss Insured.

---

[2] In accordance with the standard of review for a Rule 12(b)(6) motion to dismiss, the court will "accept all well-pleaded facts in the complaint as true, and view them in the light most favorable" to the Rissingers.  Carino v. Stefan, 376 F.3d 156, 159 (3d Cir.2004).

2

(Id. ¶ 15). State Farm paid certain losses under this provision but denied payment for losses associated with the second floor bathroom, hallway, and exterior of the property. (Id. ¶ 23). The Rissingers aver that State Farm unreasonably denied coverage for these losses. (Id. ¶ 24).

The Rissingers commenced this action on November 28, 2014 by filing a two-count complaint in the Court of Common Pleas of Dauphin County. (Doc. 4-1, Ex. A). They assert claims for breach of contract (Count I) and for bad faith denial of an insurance claim pursuant to 42 PA. CONS. STAT. ANN. § 8371 (Count II). With respect to their first cause of action, the Rissingers claim that State Farm's failure to pay the total loss amount constituted a breach of its contractual obligations. (See Doc. 4-1, Ex. A ¶¶ 30-31). In connection with their breach of contract claim, the Rissingers request attorney's fees, among other forms of relief. With respect to their bad faith claim, the Rissingers aver, *inter alia*, that State Farm deliberately misinterpreted the language of the Building Ordinance or Law coverage, that it failed to adjust their claim in a timely manner, and that it engaged in deceptive practices. (Id. ¶¶ 35, 36, 39).

State Farm filed a notice of removal to this court. (Doc. 1). On December 30, 2014, State Farm moved to dismiss in part the Rissingers' complaint. (Doc. 4). State Farm argues that that the Rissingers' request for attorney's fees in Count I should be stricken or dismissed on the ground that attorney's fees are not available in a breach of contract action and that Count II contains conclusory averments that fail to state a cause of action for bad faith under Pennsylvania law. (Doc. 4).

3

On February 17, 2015, the court granted the motion (Doc. 5) of the Rissingers' former counsel to withdraw, designated the Rissingers as proceeding *pro se*, and instructed the Rissingers to file a brief in opposition to State Farm's motion to dismiss by March 3, 2015. (Doc. 11). On March 6, 2015, after the Rissingers failed to file an opposition brief, the court again directed the Rissingers to file an opposition brief, expressly cautioning that a failure to comply with this directive would result in the court deeming State Farm's motion unopposed. (Doc. 12). The court-imposed deadline has expired, and the Rissingers have failed to oppose State Farm's motion. Consequently, the court will rule on State Farm's unopposed motion to dismiss.

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); accord Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

4

(2007)).  To test the sufficiency of the complaint, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); accord Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When the complaint fails to present a *prima facie* case of liability, courts should generally grant leave to amend before dismissing a complaint.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

#### A. The Rissingers' Request for Attorney's Fees

State Farm moves pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(f) to dismiss the Rissingers' request for attorney's fees in connection with their breach of contract claim. Under Pennsylvania law,[3] attorney's fees generally are not recoverable in a contract action. See Stephens v. State Farm Fire & Cas. Co., No. 1:14-CV-160, 2014 WL 5312682, at *6 (M.D. Pa. Oct. 16, 2014) (citing Knecht, Inc. v. United Pac. Ins. Co., 860 F.2d 74, 81 (3d Cir. 1988)). A party may recover attorney's fees only when such fees are (1) authorized by statute, (2) authorized by a contract or agreement among the parties, or (3) authorized by some other recognized exception. Cieplinski v. State Farm Mut. Auto. Ins. Co., No. 3:10-CV-1093, 2010 WL 2926846, at *4 (M.D. Pa. July 26, 2010) (citing Chatham Communications, Inc. v. General Press Corp., 344 A.2d 837, 842 (Pa. Super. Ct. 1975)). The Rissingers have not alleged an agreement between the parties or any other exception that would permit attorney's fees in connection with this claim. State Farm argues that the Rissingers' underlying insurance policy does not include an agreement for attorney's fees. (Doc. 9 at 5). The court notes, however, the policy

---

[3] The court presides over this case pursuant to diversity jurisdiction. Sitting in diversity, the court must apply the substantive law of Pennsylvania. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Burgh v. Borough Council of Montrose, 251 F.3d 465, 474 (3d Cir. 2001). Neither party disputes the applicability of Pennsylvania law to this action.

is not yet part of the record.[4]  Hence, the court will dismiss the Rissingers' request for attorney's fees without prejudice pursuant to Rule 12(b)(6).  The Rissingers may renew their request for attorney's fees should production of the policy reveal that the policy provides for attorney's fees.

### B. The Rissingers' Bad Faith Claim

State Farm contends that the Rissingers assert conclusory allegations that do not state a valid cause of action for bad faith.  (Doc. 9 at 7).  Pennsylvania's insurance bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. ANN. § 8371.  To demonstrate bad faith under § 8371, a plaintiff must show that the insurer (1) did not have a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis for denying the claim.  Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 522 (3d Cir. 2012) (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)).

---

[4] The Rissingers aver that the policy was destroyed during their property loss and that they have requested a copy of the policy from State Farm.  (See Doc. 4-1, Ex. A ¶¶ 7-8).

7

Section 8371 does not define what constitutes "bad faith" conduct.  Courts have held that, however, "bad faith" in the context of § 8371 refers to "any frivolous or unfounded refusal to pay proceeds of a policy. . . . [S]uch conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will . . . ." Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).  Mere negligence does not constitute bad faith.  Id. (quoting Terletsky, 649 A.2d at 688).  A failure to investigate the facts may also give rise to a bad faith claim.  Frog v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999).  If a reasonable basis for denying coverage exists, then the insurer can defeat a claim for bad faith.  See J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (citing Horowitz v. Fed. Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995)).

The Rissingers' bad faith claim is predicated on allegations that State Farm (1) partially denied their insurance claim without a reasonable basis; (2) failed to adjust the Rissingers' claim in a timely fashion; (3) engaged in deceptive practices; (4) deliberately misinterpreted the policy; and (5) made unreasonably low offers to adjust the Rissingers' claims.  (Doc. 4-1, Ex. A ¶¶ 23-24, 35-41).  The Rissingers also allege that State Farm has paid claims to other insureds under similar factual circumstances pursuant to the Building Ordinance or Law coverage.  (See id. ¶ 37).

These averments fail to state a claim for insurance bad faith.  Courts have found similar allegations merely conclusory.  See, e.g., Schor v. State Farm Fire & Cas. Ins. Co., No. 15-610, 2015 WL 1230200, at *4 (E.D. Pa. Mar. 18, 2015) (dismissing

8

bad faith claim based on conclusory averments that, *inter alia*, insurer failed to facilitate a prompt settlement, misrepresented policy provisions, and interpreted ambiguous policy terms in its favor); Schlegel v. State Farm Mut. Auto. Ins. Co., No. 3:11-CV-2190, 2012 WL 441185, at *6 (M.D. Pa. Feb. 10, 2012) (dismissing, as conclusory, allegations that, *inter alia*, insurer did not conduct a reasonable investigation and failed to affirm or deny coverage within a reasonable time); Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) (dismissing bad faith claim on the ground that similar allegations that insurer, *inter alia*, failed to conduct a reasonable investigation, denied benefits without reasonable basis, and knowingly or recklessly disregarded lack of reasonable basis were merely conclusory).

     In the instant matter, the Rissingers have not specified, for example, how State Farm allegedly misinterpreted the policy.  Nor have the Rissingers pleaded any specific facts regarding State Farm's allegedly deceptive practices or untimely investigation and adjustment.  In the absence of sufficient factual averments, the court cannot draw the reasonable inference that State Farm is liable for the misconduct alleged.  Consistent with the foregoing authority, the Rissingers' allegations do not support a plausible claim for insurance bad faith.  Accordingly, the court will grant State Farm's motion to dismiss the Rissingers' bad faith claim.  The court cannot conclude at this juncture that amendment would be futile and hence will provide the Rissingers an opportunity to amend their bad faith claim.

**IV.**     **Conclusion**

For the foregoing reasons, State Farm's motion to dismiss (Doc. 4) will be deemed unopposed and granted.  An appropriate order follows.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     June 30, 2015