IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK RISSINGER and KRISTEN RISSINGER,** | : | CIVIL ACTION NO. 1:14-CV-2439 |
| | : | (Chief Judge Conner) |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Plaintiffs Mark and Kristen Rissinger ("the Rissingers") filed the above-captioned breach of contract action against defendant State Farm Fire & Casualty Company[1] ("State Farm"). Before the court is State Farm's motion (Doc. 20) for summary judgment. The motion will be granted.

**I.    Factual Background & Procedural History[2]**

At all times relevant to the instant action, the Rissingers maintained a residence at 1106 Main Street, Oberlin, Pennsylvania. (Doc. 21 ¶ 1). The Rissingers insured their home under a homeowners policy ("the policy"). (Id.) The policy

---

[1] State Farm makes the uncontested assertion that it is incorrectly designated in the caption as "State Farm Insurance Company." (See Doc. 1 at 1; Doc. 21 at 1).

[2] In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to the Rissingers, the non-moving party. See infra Part II. The court notes, however, that the Rissingers failed to file any response to defendant's motion. By order dated November 25, 2015, the court explicitly ordered the Rissingers to file such a response. (Doc. 24). Local Rule 56.1 provides that the moving party's statement of facts will be deemed "admitted unless controverted" by the opposing party. LOCAL RULE OF COURT 56.1. Accordingly, the facts set forth in State Farm's Local Rule 56.1 statement are deemed admitted.

includes optional "Building Ordinance or Law" coverage. (Id. ¶ 3). The Building Ordinance or Law provision provides in pertinent part that State Farm will pay for "legally required changes to the undamaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law, if":

> 1) the enforcement is directly caused by the same Loss Insured;
>
> 2) the requirement is in effect at the time the Loss Insured occurs; and
>
> 3) the legally required changes are made to the undamaged portions of specific dwelling features, systems or components that have been physically damaged by the Loss Insured.

(Doc. 20-2 ¶ 15; see also Doc. 21 ¶ 4).

On June 29, 2013, the Rissingers suffered a fire loss at their residence and submitted a claim with State Farm. (Doc. 21 ¶ 2). The Rissingers made repairs to the property. (Doc. 20-2 ¶ 16). Agents of the local municipality, Swatara Township, inspected the repairs but denied the Rissingers' request for an occupancy permit because the property did not meet the township's building ordinance. (Id. ¶ 17; see also Doc. 20-2 at 16). The Rissingers asserted that Swatara Township's required changes connected with the second floor bathroom, the hallway, and the exterior of the home totaled $14,220.07 in repair costs and were covered by the policy. (Doc. 20-2 ¶¶ 23, 25; see also Doc. 20-2 at 18-27). However, State Farm denied payment for those losses. (Doc. 20-2 ¶¶ 23-25).

The Rissingers filed suit against State Farm in the Court of Common Pleas of Dauphin County, Pennsylvania on November 28, 2014. (Doc. 1-1, Ex. A). The

complaint asserts claims for breach of contract and bad faith. (Id. ¶¶ 29-42). State Farm removed the action to this court on December 23, 2014. (Doc. 1). On December 30, 2014, State Farm filed a motion to dismiss the bad faith claim and the request for attorney's fees accompanying the breach of contract claim. (Doc. 4).

While the motion to dismiss was pending, the court granted the motion to withdraw as counsel without substitution filed by the Rissingers' attorney. (Doc. 7). By order dated February 17, 2015, the court designated the Rissingers as proceeding *pro se* and directed them to file a brief in opposition to State Farm's motion to dismiss on or before March 3, 2015. (Doc. 11). On March 6, 2015 the court reordered the Rissingers to file their brief and advised that failure to do so would result in the court deeming State Farm's motion unopposed. (Doc. 12). The Rissingers did not file a brief in opposition. On June 30, 2015 the court granted State Farm's unopposed motion to dismiss and the case proceeded only on the breach of contract claim. (Doc. 15).

State Farm filed an answer and affirmative defenses to the Rissingers' complaint on July 22, 2015. (Doc. 16). On September 14, 2015, counsel for State Farm served on the Rissingers a request for admissions under Rule 36 of the Federal Rules of Civil Procedure. (Doc. 23 at 4; see also Doc. 20-4). According to State Farm, the Rissingers failed to respond to its request. (Doc. 23 at 4).

On October 28, 2015, State Farm filed the instant motion for summary judgment. (Doc. 20). The Rissingers did not oppose the motion. By order dated November 25, 2015 the court alerted the Rissingers to Local Rule 7.6, which provides that a party who fails to file a brief in opposition to a motion "shall be

3

deemed not to oppose such motion." (Doc. 24). The court also directed the Rissingers to file a brief in opposition to the motion by December 4, 2015. (Id.) The Rissingers did not file any brief in compliance with the new deadline. The motion is therefore deemed unopposed and is ripe for disposition. The court notes that "[a] district court may not grant a motion for summary judgment . . . solely because the motion is unopposed." Blasi v. Att'y Gen., 30 F. Supp. 2d 481, 484 (M.D. Pa. 1998) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990)). Accordingly, the court will proceed to review the merits of defendant's motion.

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality. FED. R. CIV. P. 56(a). The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). Only if this threshold is met may the cause of action proceed. See Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

Pennsylvania substantive law governs this diversity action. See Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). To prevail on their breach of contract claim, the Rissingers must prove: (1) "the existence of a contract, including its essential terms;" (2) State Farm's breach of a duty imposed by those terms; and (3) actual loss or injury resulting from the breach. Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

State Farm contends that summary judgment is appropriate because there is no dispute as to whether State Farm breached a duty within the Rissingers' home insurance policy. (Doc. 23 at 10-11). According to State Farm, the Rissingers have admitted that no damages claimed in their breach of contract action are covered by the policy. (Id. at 10). State Farm bases its argument on the Rissingers' failure to respond to its request for admissions. See *supra* Part I.

Federal Rule of Civil Procedure 36 provides that a litigant may serve on a party "a written request to admit, for purposes of the pending action only, the truth of" any matter properly within the scope of discovery. FED. R. CIV. P. 36(a)(1). A matter "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." FED. R. CIV. P. 36(a)(3); see also Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). An admission obtained pursuant to Rule 36 is conclusively established and may be used as proof in support of a motion for summary judgment. See FED. R. CIV. P. 56(c); Anchorage Assocs., 922 F.2d at 176 n.7 (citing

Goodman, 534 F.2d at 573); McNeil v. AT & T Universal Card, 192 F.R.D. 492, 493 (E.D. Pa. 2000). In limited circumstances and by leave of court, however, a party may move to withdraw or amend its admissions. FED. R. CIV. P. 36(b).

In the matter *sub judice*, State Farm served a request for admissions on September 14, 2015. (Doc. 23 at 4; see also Doc. 20-4). The Rissingers failed to timely respond. (Doc. 23 at 4). Moreover, they did not move for amendment or withdrawal of their admissions. The Rissingers have thus admitted all facts set forth in State Farm's request for admissions. (See Doc. 20-4).

The Rissingers' admissions are dispositive. The Building Ordinance or Law provision on which the Rissingers rely only obligates State Farm to pay for municipally mandated changes pertaining to undamaged portions of home features affected by the fire loss. (Doc. 21 ¶ 4). Further, the building code enforcement must itself be directly caused by the loss. (Id.) The Rissingers admit that the legally required changes to their property do not involve undamaged parts of home features impacted by the subject fire loss. (Doc. 20-4 ¶ 1, t-u). The Rissingers also admit that none of the changes were directly caused by the fire. (Id. ¶ 1, s). State Farm therefore did not breach the Building Ordinance or Law provision of its insurance policy. Consequently, no disputes as to material facts remain in this case. Cf. McNeil, 192 F.R.D. at 493-94; Dobson v. Commonwealth Funding Grp., Inc., No. 1:07-CV-1743, 2009 WL 4573422, at *2 n.4 (M.D. Pa. Dec. 1, 2009) (Conner, J.); Harrison v. Ammons, No. 1:05-CV-2323, 2009 WL 2588834, at *3-4 (M.D. Pa. Aug. 19, 2009) (Conner, J.). The court will grant summary judgment in favor of State Farm.

6

**IV.    Conclusion**

Defendant's motion (Doc. 20) for summary judgment will be granted.  An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        May 27, 2016